# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| George Kattula, Ashley Adams, John Alexander, Kenneth Axelsson, Tara Bennett, Al Bigonia, Joseph Blumetti, Darren Bradley, Dallas Bray, Franklin Calderón, Wayne Colt Carter, Allan Chiulli, Lolletta Cohen, Laleh Dallalnejad, Erick Eliezaire, Mark Gambell, Rodrigo Garcia, Mark Girshovich, Charles Glackin, Eldon Hastings, Roger Haston, Travis Houzenga, Dan Hyatt, Bobby Johnson, Jane Krieser, Eric Larson, Chris Longstreth, Ngoun Mang, Lisa Marcial, Bianca McWilliams, Victor Mechanic, Mihail Mihalitsas, Brady Lee Nessler, Frank Onimus, Vilasini Pillai, William Plyler, Edward Polhill, Steven Paperno, Luis Rodriguez, Earlando Samuel, Von Sims, Varun Singh, Larry Sowell, Vesselina Spassova, Richard Stefani, Christopher Suero, Natalie Tang, Daniel Tucker, Fatima Waheed, Eric White, Bob Whittington, and Karen Wright, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>Coinbase Global, Inc., and Coinbase Inc.,<br><br>        Defendants. | CIVIL FILE ACTION<br><br>NO.  1:22-cv-03250-TWT<br><br><br>**CLASS ACTION**<br><br><br>JURY TRIAL DEMANDED<br><br><br><br>**COINBASE GLOBAL, INC. AND COINBASE, INC.'S MOTION TO STRIKE OR DISREGARD INADMISSIBLE EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFFS' MOTION TO APPOINT A RECEIVER AND MEMORANDUM IN SUPPORT THEREOF** |

Despite Plaintiffs' attempts to prevent it, Defendants Coinbase Global, Inc. and Coinbase, Inc. have filed a Motion to Compel Arbitration (Dkt No. 61). This Court should decide the Motion to Compel Arbitration before considering Plaintiffs' Motion to Appoint a Receiver (the "Motion").[1] But in the event that the Court considers Plaintiffs' Motion, and without waiving its right to enforce the arbitration agreements to which each Plaintiff agreed, Defendants files this Memorandum of Law in support of their Motion to Strike or Disregard Inadmissible Evidence Submitted in Support of Plaintiffs' Motion to Appoint a Receiver.

There is no basis whatsoever in fact or law for a receiver in this matter. Nothing in the 24 declarations submitted by Plaintiffs (Appendix A) changes that necessary conclusion, but the rules of evidence still apply to a baseless motion. Each of Plaintiffs' 24 declarations are inadmissible, in whole or in part, under the Federal Rules of Evidence because they lack foundation, are not based on personal knowledge, rely on the contents of emails and documents that Plaintiffs have not

---

[1] Defendant Coinbase Global is not a proper party to this case.  It is a holding company which provides no services to customers.  Coinbase, Inc. is a subsidiary of Coinbase Global and is the operating company with which Plaintiffs allege they have all opened accounts.  (Am. Compl., Dkt. No. 16).  All Plaintiffs allege they are Coinbase users, so all have agreed to arbitrate claims against Coinbase Inc.  For reasons set forth in Defendants' Motion to Compel Arbitration (Dkt. 61-1), Coinbase Global is also entitled to arbitrate Plaintiffs claims against it, if any, pursuant to the Coinbase Inc. arbitration agreements.

produced and/or upon alleged oral statements that are hearsay. Plaintiffs cannot use improper evidence to bolster an improper motion. The Court should strike the declarations.

## I.   INTRODUCTION

Plaintiffs improperly attempt to support their Motion with inadmissible and unreliable declarations from Plaintiffs and other Coinbase customers. (Dkt. 25-45, 51, 59-2). While these declarations generally recount purported interactions with Coinbase customer service and account transaction history, Plaintiffs apparently deliberately did not to attach the vast majority of the referenced correspondence and transaction records. This is improper.

There is no foundation for the declarants' recounting of purported interactions with Coinbase customer service and recitation of their own account histories, all of which are unauthenticated and inadmissible hearsay, or hearsay within hearsay.  Fed. R. Civ. P. 801, 802, 805.  David Lee's declaration (Dkt. 26), for example, alleges that Coinbase responded to his complaints with "insults," which Plaintiffs put front and center in their Motion. (*Id.* at ¶3). However, because Lee attached what he claimed to be a copy of his email correspondence with "Coinbase," Coinbase was quickly able to determine that Lee was actually communicating with an imposter. (*See id.* at ¶4). He emailed "support@**eu-coinbase.com**," which is *not* a domain that

belongs to Coinbase or any Coinbase entity.[2] Lee's statement that he "exchanged several emails *with Coinbase*," (Dkt. 26 at ¶3) is thus easily disproven based on his own correspondence that he attached to his declaration.

There is also no foundation for declarants' attempt to attribute these alleged communications to Coinbase Global, Inc.  As is described in the User Agreements, Plaintiffs did not receive services from Coinbase Global, Inc.  Defendants' Motion to Compel Arbitration, (Dkt. 61-1), n. 1.

Plaintiffs' remaining declarations suffer similar foundational defects, attributing numerous statements and actions to Defendants, but, unlike Mr. Lee's, enclose *no supporting documents*. Without supporting documents and a declared foundation for submitted facts, Plaintiffs offer the Court no assurance that their declarations are reliable, based on personal knowledge, and not the subject of the same mistaken assumptions as those underlying Lee's declaration. Such defective evidence should not be considered by this Court under Federal Rules of Evidence 602, 802, and/or 901, let alone used to justify the extraordinary remedy of appointing a receiver.[3]

Accordingly, Defendants move to strike the Plaintiffs' declarations for (1)

---

[2] Defendants' Motion to Compel Arbitration (Dkt. No. 61); Black Decl. at ¶ 18.
[3] *See* Defendants' Memorandum of Law Opposing Plaintiffs' Motion to Appoint Receiver, Doc. 63.

lack of foundation where affiants have not authenticated the documents or records they viewed or established personal knowledge that they were communicating with genuine Coinbase support or are speculating as to actions Coinbase purportedly took or authorized without any personal knowledge (Fed. R. of Evid. 602 and 901), (2) hearsay where affiants rely on statements attributed to Coinbase for the truth of the matter asserted without showing that the declarants were actually communicating with Coinbase (Fed. R. of Evid. 802, 805), and (3) failure to produce the emails and records cited throughout the declarations in violation of the Best Evidence Rule (Fed. R. of Evid. 1002).

Coinbase further moves to strike Plaintiffs' attempt to submit as evidence an unrelated consent order that was entered into by Coinbase. (Dkt. 59). In addition to being untimely (it was submitted one business day before Coinbase's opposition to Plaintiffs' Motion was due), the consent order is irrelevant to the claims Plaintiffs assert in the case. The consent order pertains to past aspects of Coinbase's compliance program, and not, in any way, the security of customer accounts. Plaintiffs' lawsuit, in contrast, is about Plaintiffs allegedly being locked out of their accounts and allegedly suffering from unauthorized transfers. The consent order is therefore irrelevant to Plaintiffs' claims altogether. But more importantly, the consent order is irrelevant to the only issue appropriately before the Court – whether

this matter belongs in arbitration (it does).  The consent order has nothing to do with the Court's resolution of that question.

## II.    ARGUMENT

As detailed in the Appendix attached hereto, Defendants seek to strike the subject declarations on three related grounds. *First*, the declarations should be stricken pursuant to Fed. R. Evid. 602 because they contain numerous statements that lack any foundation demonstrating that they are based on the declarant's personal knowledge. Rule 602 provides that "[a] witness may testify to a matter ***only*** if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." *Id.* (emphasis added). *See also Exceptional Mktg. Grp., Inc. v. Jones*, 749 F. Supp. 2d 1352, 1358 (N.D. Ga. 2010) (Thrash, J.) (declaration supporting a motion may "only be considered to the extent that it is based on personal knowledge."); *Snadon v. SEW-Eurodrive Inc.*, 421 F. Supp. 3d 1360, 1365 (N.D. Ga. 2019) (same). "Personal knowledge" refers to what a witness directly observes or perceives. *Hamilton v. Schneider Nat'l Carriers, Inc.*, No. 1:17-CV-3264-MHC-JSA, 2019 WL 11553744, at *21 (N.D. Ga. Jan. 24, 2019), *report and recommendation adopted*, No. 1:17-CV-3264-MHC, 2019 WL 11553748 (N.D. Ga. Mar. 7, 2019). Statements in a declaration based on "hearsay or mere speculation" are not based on personal knowledge and "the Court may not consider these

statements." *Id.* at *21-*22 (citing *Jefferson v. Sewon Am., Inc.*, 891 F.3d 911, 925 (11th Cir. 2018)). This Court has thus declined to consider statements in declarations that are merely "assertions of [a declarant's] personal 'belief' regarding [defendant's] business practices." *Exceptional Mktg. Grp., Inc.*, 749 F. Supp. 2d at 1359.

This evidentiary defect pervades the subject declarations and supports the exclusion of this evidence. The declarations at issue assert, without any foundation, that certain communications and actions were made or taken by "Coinbase," without identifying the proper corporate party. *See, e.g.*, Ashley Adams Decl., (Dkt. 28 at ¶ 14) ("I recently received a text message apparently from Coinbase…"); David Garcia Decl., (Dkt. 32 at ¶ 6) ("Apparently, Coinbase changed my account information, including my email address, without my permission."); Eric Larson Decl., (Dkt. 36 at ¶ 4) ("Coinbase apparently allowed an unknown person to transfer [digital currency] from my Coinbase account…"); Lisa Marcial Decl., (Dkt. 37 at ¶ 4) ("On July 4, 2022, Coinbase apparently allowed my Coinbase account to be drained in three unauthorized withdrawals totaling $6,260.26.").

It is insufficient for these declarations to claim to be based on personal knowledge where "the context demonstrates otherwise." *Exceptional Mktg. Grp., Inc.*, 749 F. Supp. 2d at 1358. Here, Plaintiffs' own evidence demonstrates that they

could not reliably discern whether they were communicating with Coinbase or third parties *posing* as Coinbase. *See, e.g.*, Lee Decl., (Dkt. 26, Ex. A); Adams Decl., (Dkt. 28 at ¶ 14); Garcia Decl.  (Dkt. 32 at ¶ 6); Larson Decl. (Dkt. 36 at ¶ 4); and Marcial Decl. (Dkt. 37 at ¶ 4), cited immediately *supra.* The vast majority of Plaintiffs' declarations provide no supporting evidence validating the claimed basis of any personal knowledge, and admit to guesswork about apparent account transactions. Such "evidence" should accordingly be excluded and not considered.

*Second*, the affidavits should be disregarded to the extent that they contain statements synopsizing emails, communications or account records allegedly from Coinbase but fail to attach the actual underlying documents. Federal Rule of Evidence 1002, also known as the Best Evidence Rule, requires "the original document [to] be produced in order to prove the content of any writing . . . ." *United States v. Tombrello*, 666 F.2d 485, 491 (11th Cir. 1982). "The purpose of the best evidence rule is to prevent inaccuracy and fraud when attempting to prove the contents of a writing." *United States v. Henry*, 307 Fed. Appx. 331, 336 (11th Cir. 2009) (quotations omitted). Courts in this district, applying the Best Evidence Rule, will not admit declarations about the contents of a writing without attaching the underlying writing. *See Ruthrauff v. Luminess Direct, LLC*, No. 1:18-CV-704-AT, 2019 WL 13215551, at *2 n.2 (N.D. Ga. May 31, 2019) (refusing to consider the

content of an infomercial and telephone message through declaration testimony that failed to attach the original recordings of the same); *Burden v. Trident Asset Mgmt., LLC*, No. 117CV03496LMMAJB, 2018 WL 9732322, at *8, n.4 (N.D. Ga. Dec. 27, 2018), *report and recommendation adopted*, No. 1:17-CV-3496-LMM-AJB, 2019 WL 4804264 (N.D. Ga. Feb. 7, 2019) (the Best Evidence Rule prevents the court from relying on plaintiff's declaration where plaintiff failed to proffer the document described in the declaration). Plaintiffs do not provide the actual Coinbase communications and transaction records and instead seek to establish the content of such communications and transaction records through declaration testimony. This is improper. This end run around the Best Evidence Rule prejudices Coinbase's ability to analyze and respond to the purported factual assertions underpinning Plaintiffs' Motion. Plaintiffs' evidentiary omissions warrant the exclusion of such declarations.

*Third*, the declarations should be stricken because they rely on hearsay. Hearsay is an out of court statement offered to prove the truth of the matter asserted, which does not fall under a hearsay exception. Fed. R. Evid. 801(c). "Hearsay is generally inadmissible." Fed. R. Evid. 802; *Snadon* 421 F. Supp. 3d at 1365. Thus, declarations that rely on inadmissible hearsay are not "appropriate for the Court to consider" and should be stricken. *See id.* (disregarding plaintiff's declaration supporting a pre-answer motion because "the declaration contain[ed] inadmissible

hearsay"). *See, e.g.*, Darren Bradley Decl. (Dkt. 25 at ¶ 8) ("I was told that my personal information … had been changed.); Adams Decl. (Dkt. 28 at ¶ 10) ("According to Coinbase, on or about April 25, 2022, without my authorization or knowledge, Coinbase approved the conversion…"); Marcial Decl. (Dkt. 37 at ¶ 5) ("Coinbase informed me that there was nothing that could be done …"); Karen Wright Decl. (Dkt. 44 at ¶ 5) ("According to a Coinbase Support representative, Coinbase approved several withdrawals of funds from my account…"). Appendix A, attached hereto, identifies the objectionable paragraphs and/or sentences therein from Plaintiffs' declarations in support of their Motion.[4]

*Finally*, Plaintiffs' Second Notice and the attached consent order should be disregarded because they are irrelevant to Plaintiffs' claims in this case and the only issue properly before the Court at this time – whether this case belongs in arbitration. As seen in the declarations, Plaintiffs' claims are each based on individualized facts regarding alleged actions taken by third parties. The consent order does not implicate any aspect of Plaintiffs' specific complaints, nor have Plaintiffs articulated even an arguable basis that the consent order may be relevant to their Motion for a Receiver. That is because the consent order addresses past aspects of Coinbase's compliance

---

[4] Where part of a sentence or paragraph is quoted, Coinbase moves to strike or disregard the entire sentence or paragraph indicated.

program, and has nothing to do with Coinbase's security measures related to customer accounts. *See* Plaintiffs' Second Notice of Supplemental Support (Dkt. 59), p. 2 (referring to "Know-Your-Customer and Customer Due Diligence procedures, and p. 5, referring to Bank Secrecy Act/Anti-Money Laundering compliance program."). Generalized allegations that are not tied to the Plaintiffs' claims should be excluded by the Court and not considered in determining any motion. Fed. R. Evid. 602, 701; *See also Clough Mktg. Servs., Inc. v. Main Line Corp.*, No. CIV.A. 1:07-CV-0173R, 2007 WL 496739, at *2 (N.D. Ga. Feb. 13, 2007) (denying motion to appoint a receiver based on "at best speculative" arguments).

## III. CONCLUSION

The declarations submitted by Plaintiffs in support of their baseless and untimely motion to appoint a receiver are inadmissible hearsay, lack foundation, and do not comply with the Best Evidence Rule. Moreover, many of the unsupported statements in those declarations contain discreditable accusations of mistreatment that alleged neglect and rude behavior demonstrably **not** attributable to Defendants. The declarations are, at their core, designed to malign Defendants before the Court (and with the public, given the public filing in the record of this Case). They are generally objectionable and should not be considered by the Court in its evaluation

of Plaintiffs' motion for receiver, or for any other reason. Similarly, the unrelated consent order is wholly irrelevant to the questions before this Court. Defendants hereby object to the submission of these declarations and the consent order, and respectfully request that the Court exclude them from consideration.

This 30th day of January, 2023.

**HOLLAND & KNIGHT LLP**

Cynthia G. Burnside, Esq.
Georgia Bar No. 097107
Caroline J. Tanner, Esq.
Georgia Bar No. 392580
1180 Peachtree Street, N.W., Ste. 1800
Atlanta, GA 30309
(404) 817-8500
(404) 881-0470
cynthia.burnside@hklaw.com
caroline.tanner@hklaw.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| George Kattula, Ashley Adams, John Alexander, Kenneth Axelsson, Tara Bennett, Al Bigonia, Joseph Blumetti, Darren Bradley, Dallas Bray, Franklin Calderón, Wayne Colt Carter, Allan Chiulli, Lolletta Cohen, Laleh Dallalnejad, Erick Eliezaire, Mark Gambell, Rodrigo Garcia, Mark Girshovich, Charles Glackin, Eldon Hastings, Roger Haston, Travis Houzenga, Dan Hyatt, Bobby Johnson, Jane Krieser, Eric Larson, Chris Longstreth, Ngoun Mang, Lisa Marcial, Bianca McWilliams, Victor Mechanic, Mihail Mihalitsas, Brady Lee Nessler, Frank Onimus, Vilasini Pillai, William Plyler, Edward Polhill, Steven Paperno, Luis Rodriguez, Earlando Samuel, Von Sims, Varun Singh, Larry Sowell, Vesselina Spassova, Richard Stefani, Christopher Suero, Natalie Tang, Daniel Tucker, Fatima Waheed, Eric White, Bob Whittington, and Karen Wright, individually and on behalf of all others similarly situated, | CIVIL FILE ACTION<br><br>NO.  1:22-cv-03250-TWT<br><br><br>**CLASS ACTION**<br><br><br>JURY TRIAL DEMANDED |
| Plaintiffs, | |
| v. | |
| Coinbase Global, Inc., and Coinbase Inc., | |
| Defendants. | |

## <u>CERTIFICATE OF COMPLIANCE</u>

I HEREBY CERTIFY that the foregoing **COINBASE GLOBAL, INC. AND COINBASE, INC.'S MOTION TO STRIKE OR DISREGARD INADMISSIBLE EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFFS' MOTION TO APPOINT A RECEIVER AND MEMORANDUM IN SUPPORT THEREOF** has been prepared in accordance with the font and type specifications required under Northern District of Georgia Local Rules 5.1 and 7.1

*/s/ Cynthia G. Burnside*
Cynthia G. Burnside
Georgia Bar No. 097107
Caroline J. Tanner
Georgia Bar No. 392580

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day I served a true and correct copy of the within and foregoing **COINBASE GLOBAL, INC. AND COINBASE, INC.'S MOTION TO STRIKE OR DISREGARD INADMISSIBLE EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFFS' MOTION TO APPOINT A RECEIVER AND MEMORANDUM IN SUPPORT THEREOF** by filing same with the Clerk of Court using the CM/ECF system, and that such filing provided electronic notice to all counsel of record.

This 30th day of January, 2023.

*/s/ Cynthia G. Burnside*
Cynthia G. Burnside
Georgia Bar No. 097107
Caroline J. Tanner
Georgia Bar No. 392580

**Appendix A**

| Declarant | Statement | Objection |
|---|---|---|
| Plaintiff Darren Bradley (Dkt. 25) | "During a phone call with a Coinbase customer service representative, I was told . . . ." (Bradley Decl. ¶ 8). | Lack of foundation, hearsay, no proof of communications with Coinbase (Fed. R. Evid. 602, 801-804, 901). |
| David Lee (Dkt. 26) | "On October 24, 2022, I submitted a complaint to Coinbase about an incorrect charge in my bank account for a purchase of crypto in my Coinbase account. I then exchanged several emails with Coinbase . . .." | Lack of foundation, hearsay (Fed. R. Evid. 602, 801-804, 901.); Best Evidence Rule (Fed. R. Civ. P. 1002) |
| Plaintiff Travis Houzenga (Dkt. 27) | "Coinbase represented to me . . . ." (Houzenga Decl. ¶ 5.)  "Coinbase also represented to me . . . . " *Id.* | Lack of foundation, hearsay, no proof of communications with Coinbase, not supported in attached email (Fed. R. Evid. 602, 801-804, 901); Best Evidence Rule, failure to provide referenced emails (Fed. R. Evid. 1002). |
| | "When I contacted Coinbase, they did not seem to understand what had happened to the funds in my account and recommended . . . .." (*Id.* at ¶ 11.) | Lack of foundation, hearsay, no proof of communications with Coinbase, speculative where no personal knowledge of Coinbase understanding (Fed. R. Evid. 602, 701, 801-804, 901). |
| | "On July 11, 2022, Coinbase refused. . ." (*Id.* at ¶ 12.) | Lack of foundation, hearsay, not supported in attached email (Fed. R. Evid. 602, 801-804, 901). |

| Declarant | Statement | Objection |
|---|---|---|
| Plaintiff Ashley Adams (Dkt. 28) | "According to Coinbase . . .,." (Adams Decl. ¶ 10). | Lack of foundation, hearsay, no personal knowledge about Coinbase's activities (Fed. R. Evid. 602, 801-804, 901). |
| | "Coinbase refused to . . . ." (*Id.* at ¶ 12). | Lack of foundation, no proof of communications with Coinbase (Fed. R. Evid. 602, 801-804, 901). |
| | "I asked Coinbase , , , . Coinbase promised. . . ." (*Id.* at ¶ 13). | Lack of foundation, hearsay, no proof of communications with Coinbase (Fed. R. Evid. 602, 801-804, 901). |
| | "I recently received a text message apparently from Coinbase . . .,but I have not attempted to access my account recently." (*Id.* at ¶ 14). | Lack of foundation, hearsay, no proof of communications with Coinbase, speculative where not based on personal knowledge (Fed. R. Evid. 602, 801-804, 901). |
| Robert Arndt (Dkt. 29) | "I called Coinbase again the following evening. In a call lasting 30 to 45 minutes, . . ." "Coinbase refused . . . ." "Coinbase asked . . .". " (Arndt Decl. ¶ 7). | Lack of foundation, hearsay, no proof of communications with Coinbase (Fed. R. Evid. 602, 801-804, 901). |
| | "After I asked to speak with a supervisor during the phone call, the Coinbase representative put me on hold and then said . . ."" (*Id.* at ¶ 8). | Lack of foundation, hearsay, no proof of communications with Coinbase (Fed. R. Evid. 602, 801-804, 901). |

| Declarant | Statement | Objection |
|---|---|---|
| Plaintiff Franklin Calderón (Dkt. 30) | "After my access was restored, I immediately received an email from no-reply@coinbase.com . . .." "The email stated . . . ." "We respectfully request . . .."" (Calderón Decl. ¶ 6.). | Lack of foundation, hearsay, no proof of communications with Coinbase (Fed. R. Evid. 602, 801-804, 901); Best Evidence Rule, failure to provide emails (Fed. R. Evid. 1002). |
| | "I contacted Coinbase customer support by phone on September 19, 2022, and a Coinbase representative promised . . .." (*Id.* at ¶ 7). | Lack of foundation, hearsay, no proof of communications with Coinbase (Fed. R. Evid. 602, 801-804, 901). |
| | "Since then, I have received a series of emails from Coinbase that appear automated and are not responsive to my emails. Some of the emails I received from Coinbase state . . .."".'" (*Id.* at ¶ 8). | Lack of foundation, hearsay, no proof of communications with Coinbase (Fed. R. Evid. 602, 801-804, 901); Best Evidence Rule, failure to provide emails (Fed. R. Evid. 1002). |
| | "Coinbase claimed  . . .." "The cryptocurrency Coinbase claimed …." (*Id.* at ¶ 9). | Lack of foundation, hearsay, no proof of communications with Coinbase (Fed. R. Evid. 602, 801-804, 901). |
| | "On October 3, 2022, I received an email from help@coinbase.com stating. . ..'" (*Id.* at ¶ 11). | Lack of foundation, hearsay, no proof of communications with Coinbase (Fed. R. Evid. 602, 801-804, 901); Best Evidence Rule, failure to provide emails (Fed. R. Evid. 1002). |

| Declarant | Statement | Objection |
|---|---|---|
| | "On October 18, 2022, Coinbase sent me an email stating:. . .." "The email also invited me to. . .." (*Id.* at ¶ 13). | Lack of foundation, hearsay, no proof of communications with Coinbase (Fed. R. Evid. 602, 801-804, 901); Best Evidence Rule, failure to provide emails (Fed. R. Evid. 1002). |
| Plaintiff Allan Chiulli (Dkt. 31) | "On November 17, 2021, I received unencrypted emails notifying me. . .."" (Chiulli Decl. ¶ 6). | Lack of foundation, hearsay, Best Evidence Rule, failure to provide emails (Fed. R. Evid. 801-804, 901, 1002). |
| | "I reported those unauthorized withdrawals to Coinbase that same day, on November 17, 2021, after waiting on hold for approximately two hours. In my phone call with Coinbase, Coinbase informed me . . ..". However, I never heard back from Coinbase's Fraud Prevention Department." (*Id.* at ¶ 8). | Lack of foundation, hearsay, no proof of communications with Coinbase (Fed. R. Evid. 602, 801-804, 901). |
| | "The transaction history records for my Coinbase and Coinbase Pro accounts do not show the unauthorized, fraudulent transactions in my accounts on November 17, 2022." (*Id.* at ¶ 9). | Lack of foundation, hearsay, Best Evidence Rule, failure to provide referenced transaction history records. (Fed. R. Evid. 801-804, 901, 1002). |
| David Garcia (Dkt. 32) | "On or about September 3, 2022, I became unable to access my Coinbase account. When I attempted to regain access, Coinbase informed me . . .". "Apparently, Coinbase . . .." (Garcia Decl. ¶ 6). | Lack of foundation, hearsay, no proof of communications with Coinbase, speculative where no personal knowledge of Coinbase actions. (Fed. R. Evid. 602, 801-804, 901). |

| Declarant | Statement | Objection |
|---|---|---|
| | "Since then, I have received automated, non-responsive, and stalling communications from Coinbase that. . .." (*Id.* at ¶ 10). | Lack of foundation, hearsay, no proof of communications with Coinbase, no personal knowledge of Coinbase activity (Fed. R. Evid. 602, 801-804, 901); Best Evidence Rule, failure to provide emails (Fed. R. Evid. 1002). |
| Plaintiff Charles Glackin (Dkt. 33) | "When I logged-in to my Coinbase account on or about January 20, 2020, I discovered . . .."  "I did not have Coinbase Pro until I saw . . .."  (Glackin Decl. at ¶ 4). | Lack of foundation, hearsay, (Fed. R. Evid. 801-804, 901); Best Evidence Rule, failure to provide records (Fed. R. Evid. 1002). |
| | "After I reported the unauthorized transfers to Coinbase, Coinbase locked my account . . .."  (*Id.* at ¶ 6) | Lack of foundation, hearsay, lack of personal knowledge and speculation (Fed. R. Evid. 601, 801-804, 901); Best Evidence Rule, failure to provide records (Fed. R. Evid. 1002). |
| Plaintiff Dan Hyatt (Dkt. 34) | "After repeatedly following-up with Coinbase for information, Coinbase informed me . . ..""According to Coinbase. . .." (Hyatt Decl. ¶ 8). | Lack of foundation, hearsay within hearsay, no proof of communications with Coinbase, no personal knowledge of Coinbase actions (Fed. R. Evid. 602, 801-805, 901); Best Evidence Rule, failure to provide referenced records or communications (Fed. R. Evid. 1002). |
| Plaintiff Bobby Johnson (Dkt. 35) | "Coinbase has refused . . .."  (Johnson Decl. at ¶ 6.) | Lack of foundation, hearsay, (Fed. R. Evid. 801-804, 901); Best Evidence Rule, failure to provide records (Fed. R. Evid. 1002). |

| Declarant | Statement | Objection |
|---|---|---|
| Plaintiff Eric Larson (Dkt. 36) | "Coinbase apparently. . ..".." (Larson Decl. ¶ 4). | Lack of foundation, hearsay, speculative where no personal knowledge of Coinbase actions (Fed. R. Evid. 602, 801-804, 901). Best Evidence Rule (Fed. R. Evid. 1002). |
| | "On March 15, 2022, I contacted Coinbase . . .and Coinbase informed me. . .." (*Id.* at ¶ 5). | Lack of foundation, hearsay, no proof of communications with Coinbase (Fed. R. Evid. 602, 801-804, 901). |
| | "In an email on March 24, 2022, Coinbase informed me. . .."'" (*Id.* at ¶ 6). | Lack of foundation, hearsay, no proof of communications with Coinbase (Fed. R. Evid. 602, 801-804, 901); Best Evidence Rule, failure to provide emails (Fed. R. Evid. 1002). |
| | "On March 16, 2022, Coinbase Support (help@coinbase.com) sent me multiple emails addressed to someone else. The emails began with. . .." (*Id.* at ¶ 8). | Lack of foundation, hearsay. Best Evidence Rule, failure to provide emails (Fed. R. Evid. 801-804, 901, 1002). |
| Plaintiff Lisa Marcial (Dkt. 37) | "On July 4, 2022, Coinbase apparently allowed. . ..". "Coinbase apparently authorized . . ..".." (Marcial Decl. ¶ 4). | Lack of foundation, speculative where no personal knowledge of Coinbase actions, hearsay, Best Evidence Rule. (Fed. R. Evid. 602, 801-804, 901). |
| | "On July 4, 2022, I contacted Coinbase Customer Service and notified Coinbase that I did not authorize any of the above transactions on July 4, 2022. Coinbase informed me t. . .." (*Id.* at ¶ 5). | Lack of foundation, hearsay, no proof of communications with Coinbase, Best Evidence Rule(Fed. R. Evid. 602, 801-804, 901, 1002) |

| Declarant | Statement | Objection |
|---|---|---|
| | "I called MetaBank on July 6, 2022. MetaBank informed me . . . .." (*Id.* at ¶ 6). | Lack of foundation, hearsay, no proof of communications with MetaBank (Fed. R. Evid. 602, 801-804); Irrelevant (Fed. R. Evid. 401). |
| | "I called Coinbase again on July 6, 2022, to request , , ,." "Coinbase refused to tell me. . . .." "Coinbase instructed me . . . .." (*Id.* at ¶ 7). | Lack of foundation, hearsay, no proof of communications with Coinbase (Fed. R. Evid. 602, 801-804, 1002). |
| Plaintiff Mihail Mihalitsas (Dkt. 38) | "In April 2022, Coinbase demanded . . . .." "Coinbase threatened . . . .." (Mihalitsas Decl. ¶ 3). | Lack of foundation, hearsay, no proof of communications with Coinbase (Fed. R. Evid. 602, 801-804, 901). |
| | "However, when I contacted Coinbase . . . to see why my account was still not restored, I was told. . . .." (*Id.* ¶ 5). | Lack of foundation, hearsay, no proof of communications with Coinbase (Fed. R. Evid. 602, 801-804). |
| Kelechukwu Osuji (Dkt. 39) | "On December 13, 2021, Coinbase sent me emails reporting . . . .." (Osuji Decl. ¶ 4). | Lack of foundation, hearsay, no proof of communications with Coinbase (Fed. R. Evid. 602, 801-804, 901); Best Evidence Rule, failure to provide emails (Fed. R. Evid. 1002). |
| | "I then reported to Coinbase . . . ..". "Coinbase acknowledged . . . by email. . .." (*Id.* at ¶ 5). | Lack of foundation, no proof of communications with Coinbase, hearsay (Fed. R. Evid. 602, 801-804, 901); Best Evidence Rule, failure to provide emails (Fed. R. Evid. 1002). |

| Declarant | Statement | Objection |
|---|---|---|
| | "On December 15, 2021 at about 4:28 a.m., Coinbase emailed me stating that it had '. . ..'" "Coinbase instructed me . . .." (*Id.* at ¶ 6). | Lack of foundation, hearsay, no proof of communications with Coinbase (Fed. R. Evid. 602, 801-802, 901); Best Evidence Rule, failure to provide emails (Fed. R. Evid. 1002). |
| | "After multiple emails with Coinbase and being assigned two support case numbers, I finally regained access to my Coinbase account on or about February 3, 2022. However, my account was restricted and showed. . .." "I still did not have full trading capabilities in my account, even though an email from Coinbase to me on February 1, 2022 stated . . ..'" (*Id.* at ¶ 8). | Lack of foundation, hearsay, no proof of communications with Coinbase (Fed. R. Evid. 602, 801-804, 901); Best Evidence Rule, failure to provide emails (Fed. R. Evid. 1002). |
| | "On April 1, 2022, I received an email from Coinbase. The email from Coinbase stated. . ..'" (*Id.* at ¶ 12). | Lack of foundation, hearsay, no proof of communications with Coinbase (Fed. R. Evid. 602, 801-804, 901); Best Evidence Rule, failure to provide emails (Fed. R. Evid. 1002). |
| | "On April 6, 2022, I received an email from Coinbase informing me . . ..'" (*Id.* at ¶ 13). | Lack of foundation, hearsay, no proof of communications with Coinbase (Fed. R. Evid. 602, 801-804, 901); Best Evidence Rule, failure to provide emails (Fed. R. Evid. 1002). |

| Declarant | Statement | Objection |
|---|---|---|
| Plaintiff Vesselina Spassova (Dkt. 40) | "According to a later email from Coinbase . . .." (Spassova Decl. ¶ 5). | Lack of foundation, hearsay, no proof of communications with Coinbase, no personal knowledge about bank locations (Fed. R. Evid. 602, 801-804, 901); Best Evidence Rule, failure to provide emails (Fed. R. Evid. 1002). |
| | "Upon information and belief, . . .." (*Id.* at ¶ 8). | Lack of foundation, hearsay, no personal knowledge about IP address locations (Fed. R. Evid. 602, 801-804, 901). |
| Plaintiff Daniel Tucker (Dkt. 41) | "On July 13, 2022, I received an email purporting to be from Coinbase . . .." "I attempted to comply with the request." (Tucker Decl. at ¶ 1 (*sic* -reference is to fourth paragraph that is misnumbered as ¶ 1)). | Lack of foundation, hearsay, no proof of communications with Coinbase (Fed. R. Evid. 602, 801-804, 901); Best Evidence Rule, failure to provide emails (Fed. R. Evid. 1002). |
| | "On July 14, 2022, Coinbase Support sent me an email stating . . .. The attacker entered the password . . .." (*Id.* at ¶ 4). | Lack of foundation, hearsay, no proof of communications with Coinbase (Fed. R. Evid. 602, 801-804, 901); Best Evidence Rule, failure to provide emails (Fed. R. Evid. 1002). |
| | "Upon information and belief . . .."" (*Id.* at ¶ 6). | Lack of foundation, no personal knowledge about IP address locations, hearsay (Fed. R. Evid. 602, 801-804, 901). |
| Joseph Viers (Dkt. 42) | "Despite contacting Coinbase customer service many times . . .." (*Id.* at ¶ 4). | Lack of foundation, speculation (Fed. R. Evid. 602, 901) |

9

| Declarant | Statement | Objection |
|---|---|---|
| Alain Wicke (Dkt. 43) | "On October 11, 2022, I received a message from Coinbase . . .. . .." (Wicke Decl. ¶ 3). | Lack of foundation, hearsay, no proof of communications with Coinbase (Fed. R. Evid. 602, 801-804, 901); Best Evidence Rule, failure to provide message (Fed. R. Evid. 1002). |
| | "In an email to me on October 19, 2022, Coinbase stated: . . .." "Coinbase's email added:. . .."" (*Id.* at ¶ 10). | Lack of foundation, hearsay within hearsay, no proof of communications with Coinbase (Fed. R. Evid. 602, 801-805, 901); Best Evidence Rule, failure to provide emails (Fed. R. Evid. 1002). |
| | "According to records Coinbase sent me later. . .." "I did not authorize . . .." (*Id.* at ¶ 11). | Lack of foundation, hearsay, no proof of communications with Coinbase (Fed. R. Evid. 602, 801-804, 901); Best Evidence Rule, failure to provide records (Fed. R. Evid. 1002). |
| Plaintiff Karen Wright (Dkt. 44) | "On or about September 1, 2022, Coinbase apparently. . .." (Wright Decl. ¶ 4). | Lack of foundation, hearsay, speculative where no personal knowledge of Coinbase actions (Fed. R. Evid. 602, 801-804, 901). Best Evidence Rule, failure to provide records (Fed. R. Evid. 1002) |
| | "I contacted Coinbase to secure my account. According to a Coinbase Support representative. . .." "Coinbase would not reveal . . .." "I informed Coinbase . . .." (*Id.* ¶ 5). | Lack of foundation, hearsay, no proof of communications with Coinbase, no personal knowledge of Coinbase activity (Fed. R. Evid. 602, 801-804, 901). |

| Declarant | Statement | Objection |
|---|---|---|
| Plaintiff Al Bigonia (Dkt. 45) | "In July 2022, I discovered . . .." "Coinbase had previously denied . . .." (Bigonia Decl. ¶ 4) | Lack of foundation, hearsay, (Fed. R. Evid. 602, 801-804, 901). Best Evidence Rule, failure to provide records (Fed. R. Evid. 1002) |
| | "Although I believe I recovered my cryptocurrency  . . .." (Id. at ¶ 6) | Lack of foundation, hearsay, speculative where no personal knowledge of Coinbase actions (Fed. R. Evid. 602, 801-804, 901). Best Evidence Rule, failure to provide records (Fed. R. Evid. 1002) |
| | "I have informed Coinbase . . .." (*Id*. at ¶ 7).  "I asked Coinbase . . .." (*Id*. at ¶ 8). | Lack of foundation, hearsay, (Fed. R. Evid. 801-804, 901). Best Evidence Rule, failure to provide records (Fed. R. Evid. 1002) |
| Bruce Johnson (Dkt. 51) | "According to records for my Coinbase Pro account, . . .." "I did not authorize any of these transactions, and they were not made by me. As a result of unauthorized transactions . . ." (Bruce Johnson Decl. ¶ 4). | Lack of foundation, hearsay Best Evidence Rule, failure to provide referenced transaction history records (Fed. R. Evid. 801-804, 901, 1002). |
| | "Coinbase collected . . .."  (Id. at ¶5) | Lack of foundation, hearsay, speculation, Best Evidence Rule, failure to provide referenced transaction history records (Fed. R. Evid. 801-804, 901, 1002). |
| | "It is my understanding that. . .." (*Id.* at ¶ 7). | Lack of foundation, no personal knowledge, hearsay, Best Evidence Rule (Fed. R. Evid. 602, 801-804, 901, 1002). |

11

| Declarant | Statement | Objection |
|---|---|---|
|  | "On November 7, 2022, I received an email from no-reply@coinbase.com stating: . . .."'" (*Id.* at ¶ 8). | Lack of foundation, hearsay, no proof of communications with Coinbase (Fed. R. Evid. 602, 801-804, 901); Best Evidence Rule, failure to provide email (Fed. R. Evid. 1002). |
|  | "Around the same time on November 7, 2022, I received two more emails from Coinbase. . .." (*Id.* at ¶ 10). | Lack of foundation, hearsay, no proof of communications with Coinbase (Fed. R. Evid. 602, 801-804, 901); Best evidence rule, failure to provide emails (Fed. R. Evid. 1002). |
|  | "It appears Coinbase. . .." (*Id.* at ¶ 11). | Lack of foundation, no personal knowledge of Coinbase activity, hearsay, Best Evidence Rule (Fed. R. Evid. 602, 801-804, 901, 1002). |
| Lorne Tritt[5] (Dkt. 59-2) | "Coinbase initially led me to believe. . .." "An email from Coinbase to me on November 1, 2022, stated in part that: ',. . .."'" (Tritt Decl. ¶ 5). | Lack of foundation, hearsay, no proof of communications with Coinbase (Fed. R. Evid. 602, 801-804, 901); Best Evidence Rule, failure to provide email (Fed. R. Evid. 1002). |

---

[5] Defendants also object on the grounds that Mr. Tritt's declaration is untimely as it was not filed with Plaintiffs' motion.  *See* Fed. R. Civ. P. 6(d) and *Exceptional Marketing*, 749 F.Supp. 2d at 1359.

| Declarant | Statement | Objection |
|---|---|---|
| | "Emails from Coinbase on November 21, 2022 and December 2, 2022, encouraged me . . .."'" (*Id.* ¶ 6). | Lack of foundation, hearsay, no proof of communications with Coinbase (Fed. R. Evid. 602, 801-804, 901); Best Evidence Rule, failure to provide email (Fed. R. Evid. 1002). |
| | "In an email on December 3, 2022, Coinbase finally told me …" (*Id.* ¶ 7). | Lack of foundation, hearsay, no proof of communications with Coinbase (Fed. R. Evid. 602, 801-804, 901); Best Evidence Rule, failure to provide email (Fed. R. Evid. 1002). |
| | "Coinbase also sent records for my account showing" (*Id.* ¶ 8). | Lack of foundation, hearsay, no proof of communications with Coinbase (Fed. R. Evid. 602, 801-804); Best Evidence Rule, failure to provide records (Fed. R. Evid. 1002). |