# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| George Kattula, Ashley Adams, John Alexander, Kenneth Axelsson, Tara Bennett, Al Bigonia, Joseph Blumetti, Darren Bradley, Dallas Bray, Franklin Calderón, Wayne Colt Carter, Allan Chiulli, Lolletta Cohen, Laleh Dallalnejad, Erick Eliezaire, Mark Gambell, Rodrigo Garcia, Mark Girshovich, Charles Glackin, Eldon Hastings, Roger Haston, Travis Houzenga, Dan Hyatt, Bobby Johnson, Jane Krieser, Eric Larson, Chris Longstreth, Ngoun Mang, Lisa Marcial, Bianca McWilliams, Victor Mechanic, Mihail Mihalitsas, Brady Lee Nessler, Frank Onimus, Vilasini Pillai, William Plyler, Edward Polhill, Steven Paperno, Luis Rodriguez, Earlando Samuel, Von Sims, Varun Singh, Larry Sowell, Vesselina Spassova, Richard Stefani, Christopher Suero, Natalie Tang, Daniel Tucker, Fatima Waheed, Eric White, Bob Whittington, and Karen Wright, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>Coinbase Global, Inc., and Coinbase Inc.,<br><br>        Defendants. | CIVIL FILE ACTION<br><br>NO. 1:22-cv-03250-TWT<br><br>**CLASS ACTION**<br><br><br>JURY TRIAL DEMANDED<br><br><br>**COINBASE GLOBAL, INC. AND COINBASE, INC.'S REPLY BRIEF IN SUPPORT OF THEIR MOTION TO STRIKE OR DISREGARD INADMISSIBLE EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFFS' MOTION TO APPOINT A RECEIVER** |

## INTRODUCTION

Defendants Coinbase Global, Inc. and Coinbase, Inc. (together, "Coinbase")[1] hereby submit their reply in support of the Motion to Strike or Disregard Inadmissible Evidence ("Motion to Disregard"). As previously mentioned, the Court need not reach Plaintiffs' Motion to Appoint a Receiver ("Plaintiffs' Motion") because Plaintiffs' claims should be referred to individual arbitration. In the event that the Court nonetheless considers Plaintiffs' Motion, it should be denied because it is unsupported by competent, admissible evidence. The Declaration of David Lee, for example, attempted to falsely attribute a third-party's insulting statements to Coinbase. Plaintiffs' other declarations should similarly be disregarded because they are riddled with hearsay, rely on the contents of unauthenticated documents, and are not based on personal knowledge.[2]

---

[1] As set forth in their opening brief, Defendant Coinbase Global, Inc. is not a proper party to this case because it is a holding company which provides no services to customers. *See* Dkt. 66 at 1, n.1.

[2] In addition to suffering from these evidentiary defects, the Declaration of Bob Whittington should be disregarded because it is untimely. Mr. Whittington's declaration was attached to Plaintiffs' Response in a belated attempt to bolster their Motion filed in November. *See* Dkt. 72 at 4-5. Plaintiffs have not sought permission to file a supplemental brief, and have not explained why Mr. Whittington's declaration could not have been filed along with their initial motion.

Plaintiffs' Second Notice of Supplemental Support ("Notice") and the attached consent order should similarly be disregarded as they are irrelevant to Plaintiffs' Motion and intended only to distract the Court from the true issues before it. Nothing in Plaintiffs' Response in Opposition to Defendants' Motion to Disregard (the "Response") can cure these evidentiary deficiencies.

## ARGUMENT AND CITATION TO AUTHORITY

Plaintiffs cannot credibly dispute that appointing a receiver "is an extraordinary equitable remedy," and "is not a remedy to be granted lightly, based on speculation or surmise." *PNC Bank, N.A. v. Presbyterian Ret. Corp., Inc.*, 2014 WL 6065778, at *9 (S.D. Ala. Nov. 13, 2014) (quotations omitted). Plaintiffs bear the burden of showing their entitlement to a receiver based on reliable facts. *See, e.g.*, *First Citizens Bank & Tr. Co., Inc. v. Bacter Waste Sols., LLC*, 2018 WL 1538883, at *3 (S.D. Ga. Mar. 29, 2018) (declining to appoint receiver where plaintiff failed to offer sufficient supporting evidence). But, Plaintiffs' Response and Notice simply rehash and improperly attempt to bolster arguments made in their Motion with an additional and untimely declaration. As set forth in Coinbase's Motion to Disregard and below, Plaintiffs' purported "evidence" is unreliable, misleading, and/or irrelevant, and should be disregarded by the Court.

## I. Coinbase's Motion to Disregard is proper and timely.

Plaintiffs attack a straw man, arguing that Coinbase's Motion to Disregard was not procedurally proper under Fed. R. Civ. P. 12(f). *See* Dkt. 72, p. 8. However, Coinbase did not move to strike the challenged evidence pursuant to Rule 12. Indeed, Coinbase never referred to Fed. R. Civ. P. 12(f) in its motion. Rather, it requested that the Court disregard Plaintiffs' declarations and attached consent order based on their lack of reliability and inadmissibility under the Federal Rules of Evidence. Plaintiffs' cited authority regarding Fed. R. Civ. P. 12(f) is thus inapposite. *See id.*

Plaintiffs argue that Coinbase should have filed a notice of objection. *See id.* But as Plaintiffs' own cited authority acknowledges, courts routinely "consider the parties' arguments in support of their motions to strike as objections to the exhibits at issue." *See Chavez v. Credit Nation Auto Sales, Inc.*, 966 F. Supp. 2d 1335, 1344 (N.D. Ga. 2013). Thus, the Court may consider Coinbase's Motion to Disregard as a notice of objection if it so chooses. Plaintiffs do not and cannot suggest that it is procedurally improper for the Court to disregard wholly irrelevant submissions that are not admissible under the Rules of Evidence based on a notice of objection.

Plaintiffs further argue, without support, that Coinbase's Motion to Disregard should not be considered a notice of objections because it includes substantive arguments about the merits of Plaintiffs' claims. *See* Dkt. 72, pp. 8-9. It is true that

the unreliability of Plaintiffs' purported evidence is intertwined with the merits of Plaintiffs' Motion. But Plaintiffs cite no authority that making arguments related to the admissibility of evidence in a motion to strike somehow converts Coinbase's Motion to Disregard into a motion on the merits of Plaintiffs' claims.

For these same reasons, Plaintiffs' argument that the Motion to Disregard is untimely fails. Notably, Plaintiffs do not and cannot cite any authority establishing a deadline for filing a notice of objections like Coinbase's Motion to Disregard.[3]

---

[3] The lone case Plaintiffs cite in support of their argument that Coinbase's motion is untimely is distinguishable. *See* Dkt. 72, p. 7, n.6 (citing *Solomon v. Sutton*, 2020 WL 9601849, at *1, n.2 (N.D. Ga. May 8, 2020)).  In *Solomon*, the plaintiff had a firm deadline to respond to defendant's motion for summary judgment pursuant to Local Rule 7.1(B), but did not file notices of objection until more than three weeks after her response was due. 2020 WL 9601849, at *7-8; *see also* LR 7.1(B), NDGa (establishing deadline for filing of any responsive material). The court held that plaintiff's notices of objection were untimely because they were not filed until "long after her deadline to respond to the motion for summary judgment had passed." 2020 WL 9601849 at *1, n.2.  The Federal Rules impose no such deadlines for responses to motions for equitable relief, such as Plaintiffs' Motion to Appoint a Receiver, so *Solomon* is inapplicable here. Moreover, while the *Solomon* Court overruled plaintiff's objections as untimely, the Court nonetheless addressed the merits of plaintiff's objections. *See id.*

## II. The challenged evidence should be disregarded because it is unreliable, misleading, and irrelevant.

### A. Plaintiffs have the burden of proving the competency and admissibility of the facts submitted in support of their Motion.

Effectively admitting their submissions do not pass muster under the Federal Rules of Evidence, Plaintiffs argue that the Court can grant the extraordinary relief of appointing a receiver regardless of the admissibility or competency of their evidence. *See* Dkt. 72, p. 9, n.8. Plaintiffs' position is contrary to federal law, which requires that Plaintiffs show their entitlement to a receiver based on reliable facts. *See First Citizens Bank & Tr. Co., Inc.,* 2018 WL 1538883, at *3. Curiously, Plaintiffs cite to Fed. R. Evid. 1101(d)(3), which provides that the Federal Rules of Evidence do not apply to a variety of miscellaneous <u>criminal</u> proceedings. *See* Fed. R. Evid. 1101(d)(3) (Federal Rules of Evidence do not apply to "miscellaneous proceedings such as: extradition or rendition; issuing an arrest warrant, criminal summons, or search warrant; a preliminary examination in a criminal case; sentencing; granting or revoking probation or supervised release; and considering whether to release on bail or otherwise."). Of course, this is not a criminal case, and nothing in Fed. R. Evid. 1101 purports to exempt motions to appoint a receiver from the reach of the Federal Rules of Evidence. Nor would it make sense for a

5

court to be able to grant the extraordinary remedy of appointing a receiver based on improper and unreliable evidence.

Plaintiffs' citation to *Cajun Global LLC v. Swati Enterprises, Inc.*, 283 F. Supp. 3d 1325, 1327 (N.D. Ga. 2017) similarly does not support their position. *Cajun Global LLC* merely held that "[a]t the preliminary injunction stage, a district court may rely on affidavits and hearsay materials which would not be admissible evidence for a permanent injunction, if the evidence is appropriate given the character and objectives of the injunctive proceeding." 283 F. Supp. at 1327 (emphasis added). Such a relaxed evidentiary standard may make sense for motions for preliminary injunction because courts generally must move quickly to issue them and maintain the status quo until trial. *See Centennial Bank v. Servisfirst Bank Inc.*, 2016 WL 4238766, at *2 (M.D. Fla. Aug. 11, 2016) ("Given the limited purpose of a preliminary injunction, and the haste that is often necessary to preserve each party's position, a preliminary injunction is typically granted following procedures that are less formal and evidence that is less complete than in a trial on the merits.") (quotations omitted). By contrast, Plaintiffs here are not asking the Court to temporarily maintain the status quo—they are asking the Court to indefinitely appoint a receiver with sweeping powers, including the power to "inspect, or in his discretion take immediate possession of all personal

property wherever located" related to a broad swath of topics, including Coinbase's security measures. *See* Dkt. No. 23-2, p. 15. Plaintiffs should not be permitted to obtain the extraordinary remedy of appointing a receiver based upon unreliable evidence such as that Plaintiffs have presented.

**B. Plaintiffs' declarations should be disregarded because they contain inadmissible hearsay, rely on summaries of unauthenticated and unproduced documents, and are demonstrably not based on the declarant's personal knowledge.**

**i. Plaintiffs' hearsay testimony does not fall into any exception and is inadmissible.**

Plaintiffs' declarations attribute numerous out-of-court statements to unnamed individuals who were allegedly Coinbase customer service employees without attaching the referenced correspondence. Plaintiffs do not dispute that the testimony challenged in Coinbase's Motion to Disregard fits squarely within the definition of hearsay, which is generally inadmissible. *See* Fed. R. Evid. 801-802; *Snadon v. SEW-Eurodrive Inc.*, 421 F. Supp. 3d 1360, 1365 (N.D. Ga. 2019). Rather, Plaintiffs baldly assert that the challenged statements are exempt from the definition of hearsay as an opposing party statement. *See* Dkt. 72, p. 17.

As relevant here, FRE 801(d)(2)(D) provides that:

(d) A statement that meets the following conditions is not hearsay:

(2) ... The statement is offered against an opposing party and

7

> (D) was made by the party's agent or employee on a matter within the scope of that relationship and while it existed.

But, "Rule 801(d)(2)(D) requires the *proffering party* to lay a foundation to show that an otherwise excludable statement relates to a matter within the scope of the agent's employment." *Funderburk v. Fannie Mae*, 2015 WL 11216690, at *4 (N.D. Ga. Nov. 16, 2015), *aff'd*, 654 F. App'x 476 (11th Cir. 2016) (emphasis in original). Generally, "the proffering party fails to lay a foundation when it relies on an unidentified agent's statement." *Id.* "[W]hile a name is not in all cases required, **a district court should be presented with sufficient evidence to conclude that the person who is alleged to have made the damaging statement is in fact a party or an agent of that party** for purposes of making an admission within the context of Rule 801(d)(2)(D)." *Id.* (quotations omitted) (emphasis added).

Plaintiffs fail to carry their burden to show that the Rule 801(d)(2) exemption applies. Plaintiffs do not dispute that at least one of the declarations submitted in support of their Motion falsely attributed insulting statements to an unnamed Coinbase customer service employee, when they were actually made by an imposter unaffiliated with Coinbase. *See* David Lee Decl. (Dkt. 26). Such false attribution of statements to Coinbase calls into question the reliability of Plaintiffs' other declarations, which Plaintiffs have improperly attempted to shield from scrutiny by declining to attach the correspondence or other documents they

8

purportedly reference.[4] Plaintiffs have thus failed to present sufficient facts for the Court to conclude that the referenced communications were made by agents or employees of Coinbase, and the challenged statements should be disregarded.[5] *See Funderburk*, 2015 WL 11216690, at *5 (plaintiff's allegation that "some unidentified person at Bank of America promised to modify her loan" was inadmissible as an opposing party statement because "Plaintiff failed to proffer sufficient evidence to support the conclusion that the unidentified declarant was in fact [Bank of America's] agent."); *Pritchard v. Southern Co. Servs.*, 92 F.3d 1130, 1135 (11th Cir. 1996) (statements of unknown co-workers inadmissible hearsay);

---

[4] Plaintiffs even tacitly admit that they lack personal knowledge as to whether they were actually communicating with Coinbase, or whether the alleged Coinbase account transactions actually took place. *See, e.g.*, Ashley Adams Decl. (Dkt. 28 at ¶ 14) ("I recently received a text message ***apparently*** from Coinbase…") and David Garcia Decl. (Dkt. 32 at ¶ 6) ("***Apparently***, Coinbase changed my account information, including my email address, without my permission.") (emphasis added). Statements based on speculation and hearsay are not based on personal knowledge and should be disregarded. *See Hamilton v. Schneider Nat'l Carriers, Inc.*, 2019 WL 11553744, at *21-22 (N.D. Ga. Jan. 24, 2019), *report and recommendation adopted*, 2019 WL 11553748 (N.D. Ga. Mar. 7, 2019).

[5] Statements made in the Declaration of Bob Whittington are similarly hearsay. Statements made on a phone call by "someone claiming to be from Coinbase" are inadmissible to prove their truth. *See* Dkt. 72-1, ¶ 4 (". . .my Coinbase Pro account was hacked by an unknown person after I received a phone call from someone ***claiming to be from Coinbase***…"); *id.* at ¶ 5 (". . . which i was told by the person ***claiming to be from Coinbase*** was Coinbase's standard procedure after an account is hacked.") (emphasis added).

9

*Maestrey v. Johnson*, 2020 WL 738316, at *4, n.5 (M.D. Ga. Feb. 13, 2020) (statements by unidentified kitchen workers inadmissible hearsay). Plaintiffs' attempt to submit hearsay evidence without satisfying their burden of establishing that the alleged statements were actually made by an agent of Coinbase should be rejected.

> ii. **Plaintiffs' failure to produce the documents summarized in their declarations violates the Best Evidence and hearsay rules and prevents Coinbase from assessing their authenticity.**

Plaintiffs do not dispute that their declarations frequently seek to establish the contents of emails, communications, and account records allegedly from Coinbase without attaching the underlying documents or laying a foundation for the admissibility of the statements contained therein. *See, e.g.*, Franklin Calderón Decl. (Dkt. 30, ¶ 8) ("Some of the emails I received from Coinbase state. . ."); Bruce Johnson Decl. (Dkt. 51-1, ¶ 4) ("According to records for my Coinbase Pro account…"); Bob Whittington Decl. (Dkt. 72-1, ¶¶ 5, 7) (summarizing Coinbase account records and referencing text message allegedly from Coinbase). This is exactly what the hearsay and the Best Evidence Rules prohibit. *See United States v. Tombrello*, 666 F.2d 485, 491 (11th Cir. 1982) (Fed. R. Evid. 1002 requires "the original document [to] be produced in order to prove the content of any writing . . ."); *United States v. Dickerson*, 248 F.3d 1036, 1048 (11th Cir. 2001) (abuse of

discretion to admit documents under business record exception to hearsay rule without proper foundation or "any basis for determining their reliability."). Strictly applying the Best Evidence and hearsay rules is particularly important here where it is undisputed that Plaintiffs have falsely attributed prejudicial email communications to Coinbase. *See* David Lee Decl. (Dkt. 26); *United States v. Henry*, 307 F. App'x 331, 336 (11th Cir. 2009) ("The purpose of the best evidence rule is to prevent inaccuracy and fraud when attempting to prove the contents of a writing.") (quotations omitted).

    Plaintiffs argue that the Best Evidence Rule does not "require production of a document simply because the document contains facts that are also testified to by a witness." Dkt. 72, p. 13 (quoting *Allstate Ins. Co. v. Swann*, 27 F.3d 1539, 1543 (11th Cir. 1994)). But *Allstate Insurance Co.* merely held that the Best Evidence Rule was not implicated where the question "did not seek to elicit the content of any writing" and where the witness "would not necessarily have been required to state the contents of the [writing] in order to answer the question." 27 F.3d at 1543. In contrast, Plaintiffs' challenged testimony is not based on any independent knowledge beyond the writings themselves, and Plaintiffs are attempting to testify

directly about the contents of the writings.[6] For this reason, the testimony should be disregarded. *See Henry*, 307 Fed. Appx. at 336; *Dickerson*, 248 F.3d 1036, 1048 (11th Cir. 2001).

### C. Plaintiffs' Second Notice of Supplemental Support and the attached consent order are irrelevant and should be disregarded.

Plaintiffs' claim that the Second Notice of Supplemental Support and the attached consent order are "admissible under any number of Rules of Evidence", including rules 902, 801, 803. *See* Dkt. 72, pp. 10-11. But those rules go to authentication and hearsay. A document is not admissible as evidence *solely* because it is authenticated and not inadmissible hearsay. Rather, admissible evidence must also be relevant and not barred by any other evidentiary rule or authority. *See* Fed. R. Evid. 402.

The Second Notice of Supplemental Support and the attached consent order are irrelevant because they refer to aspects of Coinbase, Inc.'s anti-money laundering/Bank Secrecy Act compliance program, which has nothing to do with Plaintiffs' claims regarding unauthorized transactions. *See* Pls.' Second Notice of Supp. Supp. (Dkt. 59), pp. 2, 5. The unrelated issues addressed in the consent order are already within the purview of the New York Department of Financial Services,

---

[6] Plaintiffs' submission of certain exhibits does not cure their Best Evidence Rule violations for failing to attach other referenced documents. *See* Dkt. 72, pp. 15-16.

and do not provide any support for Plaintiffs' claim that there is an immediate threat to their accounts, as required to justify the appointment of a receiver.

Plaintiffs' attempt to muddy the waters and distract from the issues properly before the Court by injecting wholly unrelated compliance matters into this litigation should be rejected. The Court should therefore disregard Plaintiffs' Second Notice of Supplemental Support and the attached consent order. *See* Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."); *A.A. Profiles, Inc. v. City of Fort Lauderdale*, 253 F.3d 576, 585 (11th Cir. 2001) (district court abused its discretion in admitting testimony that was "irrelevant to the determination" of the issue before the Court.)

## CONCLUSION

The Court should not consider Plaintiffs' Motion because Plaintiffs' claims should be referred to individual arbitration. But if it does, Coinbase requests that this Court GRANT its Motion to Disregard the unreliable "evidence" submitted in support of Plaintiffs' Motion because Plaintiffs' declarations violate numerous evidentiary safeguards and lack any indicia of reliability. Similarly, the unrelated consent order submitted by Plaintiffs is wholly irrelevant to the questions before this Court, and serves only to unfairly malign Coinbase and confuse the issues. Such

"evidence" simply cannot serve as the basis to grant the extraordinary remedy sought by Plaintiffs, and should be disregarded.

This 27th day of February, 2023.

        **HOLLAND & KNIGHT LLP**

        */s/ Cynthia G. Burnside*
        Cynthia G. Burnside
        Georgia Bar No. 097107
        Caroline J. Tanner, Esq.
        Georgia Bar No. 392580
        1180 Peachtree Street, N.W., Ste. 1800
        Atlanta, GA 30309
        (404) 817-8500
        (404) 881-0470
        cynthia.burnside@hklaw.com
        caroline.tanner@hklaw.com

## CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY that the foregoing **COINBASE GLOBAL, INC. AND COINBASE, INC.'S REPLY BRIEF IN SUPPORT OF THEIR MOTION TO STRIKE OR DISREGARD INADMISSIBLE EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFFS' MOTION TO APPOINT A RECEIVER** has been prepared in accordance with the font and type specifications required under Northern District of Georgia Local Rules 5.1 and 7.1

                                               */s/ Cynthia G. Burnside*
                                               Cynthia G. Burnside
                                               Georgia Bar No. 097107
                                               Caroline J. Tanner
                                               Georgia Bar No. 392580

## CERTIFICATE OF SERVICE

I hereby certify that on this day I served a true and correct copy of the within and foregoing **COINBASE GLOBAL, INC. AND COINBASE, INC.'S REPLY BRIEF IN SUPPORT OF THEIR MOTION TO STRIKE OR DISREGARD INADMISSIBLE EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFFS' MOTION TO APPOINT A RECEIVER** by filing same with the Clerk of Court using the CM/ECF system, and that such filing provided electronic notice to all counsel of record.

This 27th day of February, 2023.

*/s/ Cynthia G. Burnside*
Cynthia G. Burnside
Georgia Bar No. 097107
Caroline J. Tanner
Georgia Bar No. 392580
