# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| George Kattula, Ashley Adams, John Alexander, Kenneth Axelsson, Tara Bennett, Al Bigonia, Joseph Blumetti, Darren Bradley, Dallas Bray, Franklin Calderón, Wayne Colt Carter, Allan Chiulli, Lolletta Cohen, Laleh Dallalnejad, Erick Eliezaire, Mark Gambell, Rodrigo Garcia, Mark Girshovich, Charles Glackin, Eldon Hastings, Roger Haston, Travis Houzenga, Dan Hyatt, Bobby Johnson, Jane Krieser, Eric Larson, Chris Longstreth, Ngoun Mang, Lisa Marcial, Bianca McWilliams, Victor Mechanic, Mihail Mihalitsas, Brady Lee Nessler, Frank Onimus, Vilasini Pillai, William Plyler, Edward Polhill, Steven Paperno, Luis Rodriguez, Earlando Samuel, Von Sims, Varun Singh, Larry Sowell, Vesselina Spassova, Richard Stefani, Christopher Suero, Natalie Tang, Daniel Tucker, Fatima Waheed, Eric White, Bob Whittington, and Karen Wright, individually and on behalf of all others similarly situated, | CIVIL FILE ACTION<br><br>NO.  1:22-cv-03250-TWT<br><br>**CLASS ACTION**<br><br>JURY TRIAL DEMANDED<br><br>**DEFENDANTS' MOTION TO STRIKE OR DISREGARD INADMISSIBLE EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFFS' OPPOSITION TO COINBASE'S AMENDED MOTION TO COMPEL ARBITRATION AND MEMORANDUM OF LAW IN SUPPORT THEREOF** |
| Plaintiffs, | |
| v. | |
| Coinbase Global, Inc., and Coinbase Inc., | |
| Defendants. | |

# I.    INTRODUCTION

Defendants Coinbase Global, Inc. and Coinbase, Inc. ("Coinbase") file this Motion to Strike or Disregard Inadmissible Evidence in response to Plaintiffs' continued attempts to introduce irrelevant declarations (Dkt. 82-92). Plaintiffs have now serially submitted 35 declarations in this case with 11 new declarations filed with their opposition to Coinbase's Amended Motion to Compel Arbitration ("Motion"). Each declaration contains foundationless and irrelevant statements of opinion, speculation, and hearsay that should be stricken and disregarded by the Court.[1]

# II.    ARGUMENT AND CITATION TO AUTHORITY

Plaintiffs' latest round of declarations suffer from several evidentiary flaws, including that they are based upon inadmissible: (1) speculation (Fed. R. Evid. 602); (2) statements that lack foundation (Fed. R. Evid. 602); (3) irrelevant personal beliefs regarding Coinbase's business practices (*see* Fed. R. Evid. 401, 402, 602, 701); and (4) hearsay (Fed. R. Evid. 801, 802). Additionally, the declaration of non-

---

[1] Plaintiffs have previously argued that, instead of filing a motion to strike, Coinbase should file a notice of objection. *E.g.*, Dkt. 72 at 8-9. However, courts routinely "consider the parties' arguments in support of their motions to strike as objections to the exhibits at issue." *Chavez v. Credit Nation Auto Sales, Inc.*, 966 F. Supp. 2d 1335, 1344 (N.D. Ga. 2013). Thus, the Court may consider this Motion as a notice of objection if it so chooses.

party Ware is irrelevant to the issues at hand and should be excluded pursuant to Fed. R. Evid. 401 and 402. Accordingly, the new declarations, like those previously submitted, should be disregarded by the Court.

### a.    Plaintiffs' Personal Beliefs Are Inadmissible Under FRE 602.

Plaintiffs' new declarations all contain unsubstantiated boilerplate statements almost identical to the following: (1) "Apparently, the unauthorized access to my account either failed to generate any fraud detection warnings within Coinbase or it willfully turned a blind eye in an effort to reap illicit profits." Dkt. 83 ¶ 8; *see also* Dkt. 84, ¶ 7; Dkt. 85, ¶ 6; Dkt. 86, ¶ 9; Dkt. 87 ¶ 8; Dkt. 88, ¶ 12; Dkt. 89 ¶ 8; Dkt. 90, ¶ 7; Dkt. 91 ¶ 9; Dkt. 92 ¶ 9; and (2) "I am surprised that Coinbase would contend that a provision in a 2022 amended User Agreement ("UA") would apply retroactively and shield Coinbase from responsibility for the misconduct in which Coinbase engaged in 2021 and caused me to lose my cryptocurrency." Dkt. 83 ¶ 7; *see also* Dkt. 86 ¶ 7; Dkt. 87 ¶ 7; Dkt. 89 ¶ 5; Dkt. 91¶ 8; Dkt. 92 ¶ 5. These statements are rank speculation, which is inadmissible and thus cannot be considered by the Court. *See* Fed. R. Evid. 602, 701; *Hamilton v. Schneider Nat'l Carriers, Inc.*, 2019 WL 11553744, at *21 (N.D. Ga. Jan. 24, 2019), *report and recommendation adopted*, 2019 WL 11553748 (N.D. Ga. Mar. 7, 2019). This Court has declined to consider similar statements that are merely "assertions of [a declarant's] personal

'belief' regarding [defendant's] business practices." *Exceptional Mktg. Grp., Inc. v. Jones*, 749 F. Supp. 2d 1352, 1358-59 (N.D. Ga. 2010) (Thrash, J.) (declaration supporting a motion may "only be considered to the extent that it is based on personal knowledge."). The Court should follow the same course here.

Plaintiffs' allegations regarding user agreements allegedly "apply[ing] retroactively" (Dkt. 83 ¶ 7; *also* Dkt. 86 ¶ 7; Dkt. 87 ¶ 7; Dkt. 89 ¶ 5; Dkt. 91¶ 8; Dkt. 92 ¶ 5) are also irrelevant. *See* Fed. R. Evid. 401, 402. At the very least, each Plaintiff is subject to UAs in place at the time they last used their Coinbase accounts. (*See generally* Coinbase's Reply Brief in Support of Motion to Compel Arbitration; Second Declaration of Tony Jankowski). All of those UAs contain substantially similar arbitration provisions which apply to all Plaintiffs. (*See id.*). Therefore, regardless of which version of the UA applies, all Plaintiffs are bound by the arbitration provisions.

### b.   Statements Describing Written Communications Are Inadmissible Pursuant to FRE 801, 802, 901, and 1002.

Several declarations reference purported communications with Coinbase without attaching them. *See, e.g.*, Dkt. 86 ¶ 3; Dkt. 88 ¶¶ 6, 10; Dkt. 91 ¶¶ 4, 6. Many declarations also vaguely reference Plaintiffs attempting to contact Coinbase's customer service (Dkt. 85 ¶ 3; Dkt. 88 ¶ 5; Dkt. 89 ¶ 3) or to report transfers to Coinbase (Dkt. 86 ¶ 4; Dkt. 88 ¶ 4), without specifying the method or, in some cases,

3

the date of the alleged communication. Providing written testimony about these communications without authenticating or attaching them is exactly what the authentication, hearsay, and the Best Evidence Rules prohibit. *See* Fed. R. Evid. 801-802; 901 and 1002; *United States v. Tombrello*, 666 F.2d 485, 491 (11th Cir. 1982) (Fed. R. Evid. 1002 requires "the original document [to] be produced in order to prove the content of any writing . . . ."); *United States v. Dickerson*, 248 F.3d 1036, 1048 (11th Cir. 2001) (abuse of discretion to admit documents under business record exception to hearsay rule without proper foundation or "any basis for determining their reliability."); *United States v. Henry*, 307 F. App'x 331, 336 (11th Cir. 2009) ("The purpose of the best evidence rule is to prevent inaccuracy and fraud when attempting to prove the contents of a writing.") (quotations omitted).

Courts in the Eleventh Circuit routinely refuse to attribute alleged communications to a person or corporation when the proffering party fails to establish that the person or corporation actually made the communications cited by the proffering party. *See Funderburk v. Fannie Mae*, 2015 WL 11216690, at *5 (N.D. Ga. Nov. 16, 2015) (plaintiff's allegation that "some unidentified person at Bank of America promised to modify her loan" was inadmissible as an opposing party statement because "Plaintiff failed to proffer sufficient evidence to support the conclusion that the unidentified declarant was in fact [Bank of America's] agent.");

4

*Pritchard v. Southern Co. Servs.*, 92 F.3d 1130, 1135 (11th Cir. 1996) (statements of unknown co-workers inadmissible hearsay); *Maestrey v. Johnson*, 2020 WL 738316, at \*4, n.5 (M.D. Ga. Feb. 13, 2020) (statements by unidentified kitchen workers inadmissible hearsay).

### c.   Mr. Ware's Declaration Is Not Relevant To The Issues.

Finally, the Ware Declaration (Dkt. 82) should be disregarded pursuant to Fed R. Evid. 401-02. Even if Ware's allegations were otherwise admissible, ***none*** of them relate to the issue at hand—the enforceability of the arbitration provisions in the UAs. That Ware has complaints, even valid ones[2], about the substance of automated communications from Coinbase Support does not bear on the enforceability of the Arbitration Clauses in the UAs. (*See generally* Coinbase's

---

[2] Upon receipt of Mr. Ware's declaration, Coinbase investigated his allegations about the derogatory names used in the email communications attached thereto. Coinbase determined that a third-party bad actor accessed Mr. Ware's account with Mr. Ware's credentials and changed the personal information in the account profile from Mr. Ware's name to the derogatory names in the emails. When Mr. Ware's password was changed, Coinbase's systems sent an automated communication to Mr. Ware using the derogatory name recorded in his account profile. *See* Dkt. 82, Ex. A. After Mr. Ware reached out to Coinbase Support citing difficulties in the account recovery process, Coinbase responded with guidance on how to troubleshoot the problem, but regrettably Coinbase did not promptly change the profile for Mr. Ware's account, which allowed another improper communication to be sent. Coinbase does not condone use of such terms and has apologized to Mr. Ware.

Reply Brief in Support of Motion to Compel Arbitration). Such "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402.

## III.   CONCLUSION

Coinbase requests that this Court strike and disregard the improper declarations, or inadmissible portions thereof, submitted by Plaintiffs' (Dkt. 82-92) in support of their Opposition to Coinbase's Amended Motion to Compel Arbitration.

This 19th day of April, 2023.

**HOLLAND & KNIGHT LLP**

*/s/ Cynthia G. Burnside*
Cynthia G. Burnside
Georgia Bar No. 097107
Caroline J. Tanner, Esq.
Georgia Bar No. 392580
Philip J. George
Georgia Bar No. 441996
Jonathan Spital
Georgia Bar No. 647816
1180 Peachtree Street, N.W., Ste. 1800
Atlanta, GA 30309
(404) 817-8500
(404) 881-0470
cynthia.burnside@hklaw.com
caroline.tanner@hklaw.com
philip.george@hklaw.com
jonathan.spital@hklaw.com

## <u>CERTIFICATE OF COMPLIANCE</u>

I HEREBY CERTIFY that the foregoing **DEFENDANTS' MOTION TO STRIKE OR DISREGARD  INADMISSIBLE EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFFS' OPPOSITION TO COINBASE'S AMENDED MOTION TO COMPEL ARBITRATION AND MEMORANDUM OF LAW IN SUPPORT THEREOF** has been prepared in accordance with the font and type specifications required under Northern District of Georgia Local Rules 5.1 and 7.1

*/s/ Cynthia G. Burnside*
Cynthia G. Burnside
Georgia Bar No. 097107
Caroline J. Tanner
Georgia Bar No. 392580

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day I served a true and correct copy of the within and foregoing **DEFENDANTS' MOTION TO STRIKE OR DISREGARD INADMISSIBLE EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFFS' OPPOSITION TO COINBASE'S AMENDED MOTION TO COMPEL ARBITRATION AND MEMORANDUM OF LAW IN SUPPORT THEREOF** by filing same with the Clerk of Court using the CM/ECF system, and that such filing provided electronic notice to all counsel of record.

This 19th day of April, 2023.

*/s/ Cynthia G. Burnside*
Cynthia G. Burnside
Georgia Bar No. 097107
Caroline J. Tanner
Georgia Bar No. 392580

8